THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEGO SYSTEMS, INC.<br><br>　　　　Defendant. | CIVIL ACTION NO. 2:17-cv-00086 |

<u>**PLAINTIFFS' OPPOSITION TO
LEGO SYSTEMS, INC.'S MOTION TO TRANSFER VENUE**</u>

　　　Plaintiff Symbology Innovations, LLC ("Symbology") respectfully submits this Opposition to Defendant Lego Systems, Inc.'s ("LSI") Motion to Transfer (Dkt. No. 18) to the District of Connecticut pursuant to 28 U.S.C. § 1404(A) ("LSI's Motion to Transfer"). For the reasons set forth herein, LSI's Motion to Transfer should be denied.

## I. INTRODUCTION

　　　Plaintiff, Symbology Innovations, LLC ("Symbology) is a Texas limited liability company with its principal office in Plano, Texas. Complaint ¶ 2, Dkt. No. 1. While LSI categorizes Symbology as a "non-practicing entity," (LSI's Memo, at 2, Dkt. No. 19) this is not accurate. Symbology's activities are *not* limited to acquiring patents, licensing the technology, and suing alleged infringers. In addition, Symbology conducts research and development of new technologies which distinguishes Symbology from non-practicing entities. Rothschild Decl., ¶ 6 (Ex. A); *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011). Symbology's manager and the inventor of the asserted patents, Leigh Rothschild, resides in Miami, Florida. Rothschild Decl., ¶ 8 (Ex. A).

　　　Defendant LEGO Systems, Inc. ("LSI") is a Delaware corporation with its principal place

1

of business in Enfield, Connecticut.  LSI's Mem., at 1, Dkt. No. 19.  In addition, LSI, through its subsidiary Lego Brand Retail: (1) operates at least three stores in this District, (2) sells accused products through these stores, (3) hosts a number of events throughout Virginia, (4) is registered to do business in Virginia, and (5) has a Registered Agent in Virginia.  Ex. 2.  In addition, LSI induces infringement of the asserted patents in this District through its customers' detecting and processing of the QR codes LSI purposely includes on the packaging of the accused products.

Regarding LSI's Motion to Transfer, LSI has the burden of "proving that the circumstances of the case are *strongly* in favor of transfer".  *Glob. Touch Sols., LLC v. Toshiba Corp.,* 109 F. Supp. 3d 882, 890 (E.D. Va. 2015).  If LSI fails to proffer evidence that *strongly* favors transfer, this Court should deny LSI's Motion to Transfer (Dkt. No. 18).  Undoubtedly, both parties are going to be inconvenienced by this lawsuit, and, understandably, one party is going to be inconvenienced more than the other.  However, simply shifting the balance of convenience from one party to another is not a sufficient reason to grant a transfer.  *Id.*

LSI must meet its burden by identifying *specific* circumstances of the case that *strongly* favor transfer.  LSI's Memorandum of Law in Support of LSI's Motion to Transfer ("LSI's Mem.") (Dkt. No. 19) fails to do so.  Instead, LSI relies on *general* circumstances and inferences or hypotheticals.  As one example, LSI repeatedly argues that its employees with relevant information are located in *either* Connecticut *or* Denmark.  LSI' Mem. at 1, 3. 5-6, Dkt. No. 19. (emphasis added).  By failing to specifically identify where these employees are located, LSI fails to offer any support for its request for a transfer.  As a second example, LSI appears to argue that *if* they use third-party BeQRious to generate and process QR codes, and *if* BeQRious is located in New York City (*Id.* at 6) (emphasis added), then it would be more convenient for BeQRious to appear for trial in the District of Connecticut than the EDVA.  Even before this lawsuit was filed, LSI should know who it uses to generate and process QR codes and it should not have to speculate who the third-

2

party is.  These examples are representative of the general circumstances (as opposed to specific circumstances) LSI mistakenly relies on.

On balance, considering all of the factors, LSI has not met its high burden of showing why this case should be transferred to the District of Connecticut.  Therefore, LSI's Motion to Transfer (Dkt. No. 18) should be denied.

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Odom v. Microsoft Corp.,* 596 F. Supp. 2d 995, 998-99 (E.D. Tex. 2009) (*citing Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  When considering a motion to transfer, a "district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtex Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).  The first inquiry is generally referred to as a "threshold question" and the second is generally referred to as "the convenience and justice factors".

The convenience and justice factors include: "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; . . . and (7) the interest of justice." *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 1004) (citations omitted).  The principal factors to consider when deciding a motion to transfer are "(1) the plaintiff's choice of forum; (2) witness convenience and access to sources of proof; (3) party convenience; and (4) the interest of justice."

3

*Glob. Touch Sols.,* 109 F. Supp. 3d at 890 (*citing Koh,* 250 F. Supp. 2d at 633).  LSI limited its arguments to these four factors in its supporting memorandum.  LSI's Mem., Dkt. No. 19.

"'[T]he party seeking transfer bears the burden of proving that the circumstances of the case are *strongly* in favor of transfer' and that 'transfer is not appropriate where it will only serve to shift the balance of inconvenience from one party to the other.'"  *Id.* (*citing Heinz Kettier GMBH & Co. v. Razor USA, LLC,* 750 F. Supp. 2d 660, 667-68 (E.D. Va. 2010)).  Additionally, in ruling on LSI's Motion to Transfer this Court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences" in Symbology's favor.  *Innovative Commc'ns Techs., Inc. v. Vivox, Inc.*, No. 2:12CV7, 2012 WL 4738979, at *4 (E.D. Va. 2012).

    **III.  ARGUMENT**

        **A.  The Threshold Inquiry Is Satisfied**

Symbology agrees that this case could have been brought in the District of Connecticut and the threshold inquiry is therefore satisfied.

        **B.  The Convenience and Justice Factors Favor the Eastern District of Virginia**

As shown below, a careful analysis of the convenience and justice factors clearly favor this case remaining in the Eastern District of Virginia.  Accordingly, this Court should deny LSI's Motion to Transfer (Dkt. No. 18).  Moreover, LSI has failed to meet its burden of proving that the circumstances *strongly* favor transfer.  Rather, LSI's proposed transfer would only serve to shift the balance of inconvenience from LSI to Symbology.  Shifting the balance of inconvenience is not a sufficient reason to transfer this case to the District of Connecticut.  S*ee Heinz Kettier*, 750 F. Supp. 2d at 668.

1. <u>The Plaintiff's Choice of Forum Strongly Favors the Case Remaining in the EDVA</u>

Plaintiff's choice of forum is "typically entitled to 'substantial weight,' especially where the chosen forum . . . bears a substantial relation to the cause of action." *Id.* at 667 (citation omitted). "The weight given to a plaintiff's choice [of forum] varies in proportion to the connection between the forum and the cause of action." *GTE Wireless, Inc. Qualcomm, Inc.*, 71 F.Supp. 2d 517, 519 (E.D. Va. 1999). While the Eastern District of Virginia is not Symbology's home forum, Symbology "loses only some of the deference given its choice of venue" when it files in a foreign forum. *See*, *E. Sci. Mktg., Inc. v. Tekna-Seal, Inc.*, 696 F. Supp. 173, 179 (E.D. Va. 1988).

In this case, a substantial relation exists between the Eastern District of Virginia and the causes of action before this Court. This substantial relation is due to LSI: (1) on information and belief directly infringing the asserted claims in the EDVA, (2) inducing infringement within this district, (3) establishing places of business in the EDVA through its subsidiary Lego Brand Retail, and (4) registering to conduct business in Virginia. These factors clearly show that there is a substantial relation to the cause of action and this district. *See*, *Limelight Networks, Inc. v. XO Commc'ns, LLC*, 2016 WL 6871285, at *2 (E.D. Va. 2016) (the court held that a substantial relationship existed because the defendant "committed acts of infringement and established places of business in EDVA.").

Additionally, since Symbology filed this case in a foreign forum (*i.e.,* not its home forum), this Court should apply the "preferred forum" or "center of activity" rule. *Gen. Creation LLC v. Leapfrog Enters., Inc.*, 192 F. Supp. 2d 503, 505 (W.D. Va. 2002) ("The concept of a preferred forum located in the 'center of the accused activity' [ ] applies in those patent infringement cases where the plaintiff files suit in a foreign forum.") In this case, the "center of activity" rule should focus on where the claims (the majority of which are method claims) are infringed. These claims are infringed in this District (among other districts) by (on information and belief) Lego Brand

5

Retail employees directly infringing the asserted claims in Virginia, LSI's consumers scanning and processing the QR codes with their mobile devices and displaying the resulting information in places such as LSI's stores in Virginia.

LSI's argument (that the only connection LSI has to the EDVA is sales activities), (LSI's Mem. at 6, Dkt. No. 19) is misleading.  LSI admits that it operates, through its subsidiary Lego Brand Retail, stores in this District.  *Id.*  These stores sell accused products which display QR codes on the packaging.  Customers that visit LSI's stores in Virginia scan and process the QR codes displayed on the packaging thereby directly infringing the asserted patents.  As such, LSI is inducing infringement within the EDVA.  LSI is also registered to conduct business in Virginia and has appointed a registered agent in Virginia.  Ex. 2.  Moreover, LSI hosts various events throughout the year in various places within the Commonwealth.  *Id.*  Accordingly, a substantial relation exists between the EDVA and the causes of action before this Court.

To support LSI's allegation that "Symbology's claims bear little or no relation to this District," LSI focuses exclusively on the internal testing allegedly performed by LSI and completely ignores the induced infringement claims or the other ties LSI has to this District.  LSI's Mem. at 5-6, Dkt. No. 19.  Even if LSI does not perform internal testing, or it's internal testing is performed in Enfield, Connecticut or Denmark, the induced infringement claims and LSI's other ties to this District bear a direct relation to this District.  Because LSI has legitimate and significant ties to the EDVA, this Court should find that Plaintiff's Choice of Forum weights strongly against transfer.

    2.   <u>Witness Convenience and Access to Sources of Proof Favor the Case Remaining in the EDVA</u>

        a.   Witness Convenience

In the Eastern District of Virginia, the district courts draw

> a distinction between party-witnesses and non-party witnesses and afford[ ] greater weight to the convenience of non-party witnesses. The party asserting witness inconvenience must proffer sufficient details regarding the witness and his or her testimony to allow the court to assess both the materiality of the evidence that the witness will offer and the inconvenience that will result from declining to transfer the action.

*Limelight Networks*, 2016 WL 6871285 at *3.

    LSI has failed to proffer any details showing that any third-party witness with material evidence would be inconvenienced by this matter proceeding in the EDVA. Rather, LSI has resorted to hypotheticals to support its "inconvenience to third-party witnesses" argument.

    LSI has asserted that "any third party witness from BeQRious is more likely to be available in Connecticut than Virginia, potentially through the subpoena power of the District Courts for the District of Connecticut." LSI's Mem. at 6, Dkt. No. 19. However, LSI has failed to provide any details regarding: (1) the name of any specific witness from BeQRious or (2) the materiality of any testimony a witness from BeQRious would provide. Without this information, this Court cannot assess the materiality of the evidence or any inconvenience this alleged third-party witness would suffer from the case remaining in the EDVA. As such, LSI has failed to show that transferring this case to the District of Connecticut would be more convenient for any actual third-party witness.

    Moreover, LSI proffers no evidence that BeQRious *actually generates or processes* QR codes *used by LSI*. Instead, Ms. Quaglia's declaration states "[t]hird party websites, *such as* BeQRious.com, generate and process QR codes" (Quaglia's Dec. ¶ 6, Dkt. No. 19-4) (emphasis added) and LSI argues "QR codes that Symbology alleges to exist on LSI's advertisements or packaging would be generated from and processed by a third party company, *such as* BeQRious"

7

(LSI's Mem. at 6, Dkt. No. 19) (emphasis added). In other words, it does not appear that BeQRious generates or processes QR codes used by LSI. This conclusion is further supported by LSI's uncertainty as to where BeQRious is located. LSI's Mem. at 6, Dkt. No. 19 ("Upon information and belief, BeQRious is a company based in New York City.") Accordingly, this Court should completely ignore third-party BeQRious and its alleged location in New York in the Court's consideration of LSI's Motion to Transfer (Dkt. No. 18). Once BeQRious is ignored, LSI has not proffered any arguments identifying any third-party that would be inconvenienced by this matter proceeding in the EDVA.

Finally, even if LSI were to call a witness from BeQRious, LSI has failed to demonstrate that testimony from a BeQRious witness could not be presented from a videotaped deposition testimony and that the live testimony from the BeQRious witness is critical. *See, comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 688 (E.D. Va. 2013). As such, BeQRious's and its alleged New York location is immaterial to this Court's analysis on whether or not this case should be transferred to the District of Connecticut.

Transferring this case to the District of Connecticut would clearly be inconvenient to the inventor of the patents-in-suit (and the founder of Symbology) Leigh Rothschild (a Florida resident) and the prosecuting attorney Atanu Das (located in Chicago, Illinois), both of who are expected to testify at trial in this matter. In light of the number of airports and flights to the Washington Metropolitan Area, it is clearly more convenient for these witnesses to travel to the EDVA than to travel to the District of Connecticut. Accordingly, witness convenience strongly favors the case remaining in the EDVA.

      b.    Access to Sources of Proof

While the access to sources of proof (also called "access to evidence") factor is still a consideration, its importance has been lessened by the easy transmission of electronic documents.

*See Newman v. Advanced Tech. Innovation Corp.*, 2012 WL 1414859, at *3 (E.D. Va. 2012) ("The Court gives little weight to the location of such records since it appears they can easily be transmitted electronically.") and *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2008). LSI apparently has documents located in Billund, Denmark and Enfield, Connecticut. Quaglia Dec. ¶ 3, Dkt. Np. 19-4. However, all of Symbology's sources of proof are located in Florida or the Eastern District of Texas. Accordingly, the access to sources of proof factor is neutral.

       3.  <u>LSI Fails to Show that Party Convenience Favors Transfer</u>

LSI cannot rely on the location of its party witnesses to support a transfer of venue in this case. First, LSI fails to specifically identify which party witnesses it will use at trial in this matter. Second, LSI fails to identify where those party witnesses are currently located. Apparently, LSI is confused as to who its relevant party witnesses are or where they are located. They could be located in either Connecticut or in Denmark. LSI signals its confusion throughout its supporting memorandum as follows:

- LSI's "witnesses with knowledge about the accused conduct involving advertisements and packaging are in Connecticut *or* Denmark . . ." LSI's Mem. at 1, Dkt. No. 19. (emphasis added);

- If "LSI internally tested QR codes [ ], it would have occurred in Denmark (*or* possibly Enfield, Connecticut), where its packaging and marketing personnel reside." *Id.* at 3. (emphasis added);

- "Witnesses with knowledge of testing QR codes, or the lack thereof, on advertisements and packaging would be in Enfield, Connecticut *or* Denmark." *Id.* at 5-6. (emphasis added);

- "LSI employees with knowledge about marketing and internal testing of QR codes, or the lack thereof, would be located in Connecticut, *if not* Denmark." *Id.* at 6

9

(emphasis added).[1]

Since LSI cannot identify where its potential relevant witnesses are located, the Court should not consider the location of LSI's potential party witnesses in its analysis. Even if LSI could identify where its relevant witnesses are located, this Court should not consider, or should give less weight to, the convenience of party witnesses. *Zimmer Enters. Inc. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 991 (S.D. Ohio 2007).

Additionally, LSI fails to proffer any evidence showing that any of its relevant employees will be unwilling to testify in the Eastern District of Virginia if asked to do so. LSI fails to explain how any of its relevant employees will be "severely inconvenienced" if this case proceeds in the EDVA. As many courts have noted, "normally a corporation is able to make its employees available to testify when needed." *Clark v. Dollar Gen. Corp.*, 2001 U.S. LEXIS 25975, at *9 (M.D. Tenn. 2001).

Transferring this case to the District of Connecticut would clearly be inconvenient to Defendant John Doe who, on information and belief, will be an individual who resides within this District. Defendant John Doe is a direct infringer that Defendant LSI has induced to infringe the asserted patents. Testimony from Defendant John Doe will be necessary to prove the inducement of infringement claims against Defendant LSI.

Transferring this case to the District of Connecticut would clearly be inconvenient to Symbology (a Texas Limited Liability company with its principal office in Plano, Texas) and Symbology's manager Leigh Rothschold and inventor of the patents-in-suit (a Florida resident).

---

[1] Ms. Quaglia's declaration fares no better. According to her declaration, "LSI designs advertisements and packaging for products sold in the U.S." and related "employees who can testify about its packaging and advertisements, including anything related to Quick Response codes ("QR codes")" are located in Denmark *and* Connecticut. Quaglia's Dec. ¶¶ 3-4, Dkt. No. 19-4. (emphasis added)

4. <u>The Interest of Justice Favors the Case Remaining in the EDVA</u>

The "interest of justice" factor "encompasses public interest factors aimed at systemic integrity and fairness". *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp.2d 627,635 (E.D. Va. 2006). "The most prominent elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments." *Heinz Kettler*, 750 F. Supp. 2d at 669. "Fairness is assessed by considering factors such as docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness with burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* at 670.

In this case, the interest of justice factors strongly favor hearing the matter in the EDVA for the reasons of preventing parallel lawsuits and promoting judicial economy. Currently pending in this District (and before the same judge) is *Symbology Innovations, LLC v. Mars, Inc.*, Civil Action No. 2:17-cv-00085. Transferring the case against LSI to the District of Connecticut would create parallel patent infringement lawsuits involving the same patent and similar products. Judicial economy is not promoted by transferring a defendant, thereby creating parallel proceedings in multiple courts. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010) (denying a petition for mandamus when "the district court correctly held a denial of transfer would produce gains in judicial economy"). Granting LSI's Motion to Transfer would result in duplicative and repetitive efforts in two different courts. This would result in a waste of the judicial system's time, resources, and money. *See ColorQuick, L.L.C. v. Vistaprint Ltd.*, 2010 WL 5136050, at *7-8 ("[T]he Court should not 'permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'") (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)). The Federal Circuit has "considered a district court's concurrent litigation involving the same patent to be a relevant consideration, if the court's experience was not

11

tenuous and the cases were co-pending." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011).  For the foregoing reasons, this factor weighs against transfer.

## IV. CONCLUSION

Simply stated, LSI has failed to meet its burden of showing that the circumstances of the case are *strongly* in favor of transfer to the District of Connecticut.  Accordingly, LSI's Motion to Transfer should be denied.

DATED April 17, 2017.                                                       Respectfully submitted,


By: /s/ *Steven War*
Steven War (VSB # 45048)

**McNeely, Hare & War LLP**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC  20015
Tel: (202) 536-5877
Fax: (202) 478-1813
e-mail: steve@miplaw.com

*ATTORNEY FOR PLAINTIFF Symbology Innovations*


CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 17, 2017, I have caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the District Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

Dated:  April 17, 2017                                         By: */s/ Steven War*

Steven War